IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2823-M-BK |
| | § | |
| WILLIAM B. BARREE, | § | |
| DEFENDANT. | § | |

FINDINGS, RECOMMENDATIONS, AND CONCLUSIONS
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the Court now considers Plaintiff's *Motion for Default Judgment Against Defendant.* Doc. 7. The requisites for default judgment having been satisfied in this case, it is recommended that the motion be **GRANTED**.

A.  Background

Plaintiff initiated this action against Defendant in November 2021, seeking declaratory relief and to foreclose on real property due to Defendant's default on the loan agreement he and his late wife signed in connection with the purchase of their home (the "Property"). Doc. 1 at 3-4. Plaintiff avers that it served Defendant with the requisite notices of default and intent to accelerate, but the default was not cured so the maturity of the debt was accelerated. Doc. 1 at 4-5. Accordingly, Plaintiff then brought this suit to obtain an order for foreclosure.[1] Doc. 1 at 4. Despite being served with the summons and complaint, Defendant failed to answer or otherwise respond to this suit. Doc. 6. Consequently, the Clerk entered a default against Defendant at Plaintiff's request. Doc. 8; Doc. 9. Plaintiff now seeks a default judgment. Doc. 7.

---

[1] While Plaintiff initially raised an array of other claims, it specifies in the default judgment motion that it does not seek monetary damages against Defendant. Doc. 7 at 3.

1

B.  **Applicable Law**

The conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In defaulting, defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

### C. Analysis

Plaintiff requests that the Court enter a default judgment against Defendant, permitting foreclosure on the Property. Doc. 7 at 2-3. Additionally, Plaintiff requests reasonable and necessary attorneys' fees, with the award made not as a money judgment against Defendant, but as a further obligation owed by Defendant under the governing note and deed of trust. Doc. 7 at 3. Plaintiff has submitted a comprehensive proposed order. Doc. 7-2.

Based on the record in this action, the Court determines that Defendant is in default and that Plaintiff is entitled to a default judgment, foreclosure of the Property, and attorneys' fees and costs. In short, the well-pleaded allegations of Plaintiff's complaint establish that in April 2006, Defendant and his late wife executed a deed of trust and a note with respect to the Property in the principal amount of $63,391.00. Doc. 1 at 3. Since November 2019, Defendant has failed to make the requisite monthly payments and thereby defaulted on the loan. Doc. 1 at 4. Plaintiff, as current holder of the note and deed of trust, advised Defendant of the default and notified him that the loan may be accelerated, but he failed to cure the default. Doc. 1 at 4-5. Plaintiff thereafter accelerated the balance of the note. Doc. 1 at 4-5.

Upon consideration of these facts, Plaintiff has presented a sufficient basis on which to grant a default judgment against Defendant on its claim for foreclosure. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Additionally, Plaintiff alleges that it is entitled to reasonable attorneys' fees pursuant to the terms of Defendant's loan documents. Doc. 1 at 5-6. Taking this well-pleaded allegation as true, Plaintiff is also entitled to default judgment on this claim.

**D. Conclusion**

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Default Judgment Against Defendant*, Doc. 7, be **GRANTED**, and that upon acceptance of this recommendation, the Court enter Plaintiff's proposed Final Default Judgment, Doc. 7-2.

**SO RECOMMENDED** on July 18, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).